UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WILLIAM STEPHEN TOTH,            )
                                 )
        Plaintiff,               )
                                 )
    v.                           )    Civil Case No. 14-00395 (RJL)
                                 )
WELLS FARGO BANK, N.A., et al.,  )
                                 )
        Defendants.              )

**MEMORANDUM OPINION**
March 7, 2015 [## 4, 8]

Plaintiff William Toth, proceeding *pro se*, brings this action against defendants Wells Fargo Bank, N.A., and Bank of America, N.A., (collectively, "Bank Defendants"), as well as several other defendants,[1] challenging the foreclosure of his property located in Michigan. *See* Compl. [Dkt. # 1]. Before this Court are defendant Justine Smith's Motion to Dismiss Plaintiff's Complaint [Dkt. # 4] and Bank Defendants' Motion to Dismiss Plaintiff's Complaint [Dkt. # 8], for lack of subject matter jurisdiction, improper service of process, and failure to state a claim, pursuant to Rules 12(b)(1), 12(b)(3), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure. *See* Def. Justin Smith (Pro Se)'s Mem. of P. & A. in Supp. of His Mot. to Dismiss Pl.'s Compl. [Dkt. # 4]; Mem. of P. & A. in Supp. of Bank Defs.' Mot. to Dismiss [Dkt. # 8-1]. Because this

---

[1] Plaintiff's complaint also identifies the following entities and individuals as defendants: Justine Smith; District Court for the State of Michigan for Presque Isle County; Robert W. Paschke; Presque Isle County Sheriff's Office; Blue Mountain Homes, LLC; Blue Mountain Air, Inc.;

1

Court lacks subject-matter jurisdiction, the motions will be GRANTED and the case DISMISSED.

## BACKGROUND

Plaintiff is a Michigan resident whose complaint challenges the foreclosure of his property located at 7539 Elm Highway, Posen, Michigan 49776, as well as the eviction proceedings pending in a Michigan state court. *See* Compl. ¶ 19-21, at Ex. A (alleging "Wells Fargo Bank, NA participated and assisted Bank of America, NA in the foreclosure on my property and they are attempting to seize the subject property through an eviction"). Plaintiff's property was foreclosed by advertisement and sold at a Sheriff's sale on January 20, 2012. *See id.* Ex. G (Sheriff's Deed on Mortgage Sale (Jan. 20, 2012)); *see also* Mich. Comp. Laws. Ann. § 600.3201 (Foreclosure of mortgage by advertisement). Thereafter, the state court ratified the foreclosure by issuing a possession judgment on July 2, 2013. *See* Consent Possession Judgment, *Wells Fargo Bank, N.A. v. Toth*, Case No. 13-6249-LT (89th District Court, Rogers City, Mich.).

Plaintiff filed his first federal complaint in this Court on July 31, 2013, which I dismissed for lack of subject-matter jurisdiction on July 3, 2014. *See Toth v. Wells Fargo Bank, N.A.*, No. CV 13-01211 (RJL), 2014 WL 2993575, at *1 (D.D.C. July 3, 2014). Prior to the dismissal of plaintiff's first suit, plaintiff filed his second suit—the present case—on March 12, 2014. In this case, plaintiff makes many of the very same allegations

---

Polymathic Properties, Inc.; and "Does 1 Through 15."

that I previously dismissed, *i.e.*, that defendants' handling of the mortgage note and their foreclosure of the property were improper for a variety of reasons, including that the defendants violated the False Claims Act, 31 U.S.C. § 3729, violated a consent decree issued in *United States v. Bank of America*, No. 12-361 (D.D.C. Apr. 4, 2012), and violated his constitutional due process rights. *See* Compl. ¶¶ 44-81. Based on these allegations, plaintiff seeks monetary damages, a declaratory judgment nullifying the foreclosure, and equitable relief. *See id.* ¶¶ 94-111.

## STANDARD OF REVIEW

Although *pro se* complaints are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972); *United States v. Byfield*, 391 F.3d 277, 281 (D.C. Cir. 2004), this Court must have jurisdiction in order to adjudicate a claim, and "the party claiming subject matter jurisdiction . . . has the burden to demonstrate that it exists," *Khadr v. United States*, 529 F.3d 1112, 1115 (D.C. Cir. 2008). On a motion to dismiss under Rule 12(b)(1), "the plaintiff bears the burden of establishing the factual predicates of jurisdiction by a preponderance of the evidence." *Erby v. United States*, 424 F. Supp. 2d 180, 182 (D.D.C. 2006) (citing, *inter alia*, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). "[T]he plaintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." *United States ex rel. Digital Healthcare, Inc. v. Affiliated Computer Servs., Inc.*, 778 F. Supp. 2d 37, 43 (D.D.C. 2011) (citation and internal quotation marks

omitted). Further, in deciding a 12(b)(1) motion, a court need not limit itself to the complaint; rather, it "may consider such materials outside the pleadings as it deems appropriate to resolve the question whether it has jurisdiction in the case." *Bank of America, N.A. v. FDIC*, 908 F. Supp. 2d 60, 76 (D.D.C. 2012) (citation and internal quotation marks omitted).

## ANALYSIS

Just like plaintiff's previous complaint, this Court lacks subject-matter jurisdiction to hear plaintiff's claims because he is, in effect, challenging a state court judgment. Under the *Rooker-Feldman* abstention doctrine, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)); *see also Gray v. Poole*, 275 F.3d 1113, 1119 (D.C. Cir. 2002) ("The *Rooker-Feldman* doctrine prevents lower federal courts from hearing cases that amount to the functional equivalent of an appeal from a state court."). Indeed, the Supreme Court recently clarified further that federal district courts lack subject matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon*

*Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Indeed, our Circuit Court itself has noted that district courts lack authority to either (1) "review final judgments of a state court in judicial proceedings," *Feldman*, 460 U.S. at 482, or (2) decide federal constitutional claims that are "so 'inextricably intertwined' with a state court decision that 'the district court is in essence being called upon to review the state-court decision,'" *Stanton v. Dist. of Columbia Court of Appeals*, 127 F.3d 72, 75 (D.C. Cir. 1997) (quoting *Feldman*, 460 U.S. at 483-84 n.16).

The *Rooker-Feldman* doctrine, of course, applies in the instant case, too, because plaintiff effectively seeks to collaterally attack the state court possession judgment ratifying the foreclosure and sale of the Michigan property (and permitting eviction proceedings). That plaintiff presents such a challenge is apparent from the complaint, which, although incomprehensible in many respects, seeks as relief an order "abat[ing] and revers[ing]" the foreclosure sale, declaring the Sheriff's Deed "null and void," and affirming plaintiff's title to the property. *See* Compl. ¶¶ 103-04. Moreover, all of plaintiff's various claims are "inextricably intertwined" with this state court judgment and the foreclosure; they do not present any independent claim. *See Hunter v. U.S. Bank Nat'l Ass'n*, 698 F. Supp. 2d 94, 99-100 (D.D.C. 2010) (*Rooker-Feldman* doctrine applied where plaintiff's claim was "based entirely on the alleged impropriety of the foreclosure" because all of the alleged injuries stemmed from the foreclosure and plaintiff explicitly sought a judgment that would have effectively modified the state court's judgment of

foreclosure). This case is therefore similar to numerous decisions in this district barring claims challenging the results of state court judicial foreclosure actions. *See Fontaine v. Bank of America, N.A.*, No. 13-1638. 2014 WL 1999532, at *2 (D.D.C. May 16, 2014); *Silva v. Wells Fargo Bank, N.A.*, No. 14-273, 2014 WL 905447, at *2 (D.D.C. Mar. 10, 2014); *Glaviano v. JP Morgan Chase Bank, N.A.*, No. 13-2049, 2013 WL 6823122, at *2 (D.D.C. Dec. 27, 2013); *Hunter*, 698 F. Supp. 2d at 99-100; *Tremel v. Bierman & Geesing, LLC*, 251 F. Supp. 2d 40, 44-46 (D.D.C. 2003). Consequently, this court clearly lacks jurisdiction to proceed further and this case must be DISMISSED.[2]

## CONCLUSION

Thus, for all of the foregoing reasons, the Bank Defendants' Motion to Dismiss is **GRANTED**, and this case is **DISMISSED** for lack of subject matter jurisdiction. A separate Order consistent with this decision accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge

---

[2] To the extent plaintiff challenges eviction proceedings that are ongoing in Michigan state court—to which the *Rooker-Feldman* abstention doctrine does not apply, *see Exxon Mobil Corp.*, 544 U.S. at 284 (stating *Rooker-Feldman* doctrine applies to only "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced")—I abstain from exercising jurisdiction under the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971); *see also Tremel*, 251 F. Supp. 2d at 44 n.6 (noting the court would abstain from exercising jurisdiction under *Younger* if the matter were still pending in the state court system).